1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEMOND CHARLES BRACKETT,                    No.  2:23-cv-1935 AC P

12              Plaintiff,

13         v.                                      ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    CORY HONEA, et al.,

15              Defendants.

16

17         Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983

18   and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has

19   also filed a motion for a temporary restraining order.  ECF No. 5.

20         I.      Application to Proceed In Forma Pauperis

21         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  ECF Nos. 2, 6.  Accordingly, the request to proceed in forma pauperis will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                                   1

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4      II.     Complaint

5          A.     Statutory Screening of Prisoner Complaints

6          The court is required to screen complaints brought by prisoners seeking relief against "a

7  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

8  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

9  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

10  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

11          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

14  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

15  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

16  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

17  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

18  Franklin, 745 F.2d at 1227-28 (citations omitted).

19          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

20  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

21  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly,

22  550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the

24  context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v.

25  Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal

26  for failure to state a claim, a complaint must contain more than "a formulaic recitation of the

27  elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to

28  relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he

2

1    pleading must contain something more . . . than . . . a statement of facts that merely creates a

2    suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles

3    Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

4         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

5    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

6    Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

7    content that allows the court to draw the reasonable inference that the defendant is liable for the

8    misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

9    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

10   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

11   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

12   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

13        B.    Allegations

14        Plaintiff alleges that he was struck by a car shortly before being taken into custody at

15   Butte County Jail and that he was denied adequate medical treatment while in custody. ECF No.

16   1 at 3. Before he was taken into custody, he received treatment at Enloe Hospital, which issued a

17   report stating that he had glass in his lungs and was "at risk of death, and serious permanent

18   injury, if certain medical treatments [and] services" were not provided. Id. Despite plaintiff's

19   grievances, requests for treatment, and pleas for Honea[1] and medical personnel to administer

20   treatment and let him see a doctor, they refused. Id.

21        Plaintiff further alleges that after defendants Honea and McNellis were informed he was a

22   "federal witness against 'officers' of the Butte County Sheriff's Office," that they enlisted guards

23   at the jail, namely Proctor, to carry out assaults against him. Id. at 4. Plaintiff had previously

24   sustained a neck injury which required him to wear a neck brace. Proctor assaulted him in his cell

25   by pulling back plaintiff's ears, reinjuring his neck and leaving him in physical pain. Id.

26

27   [1] Plaintiff has filed a request that the docket be updated to reflect that the correct spelling of
     Honea's first name is "Kory." ECF No. 5 at 2. The request will be granted and the Clerk of the
28   Court will be directed to update the docket accordingly.

                                        3

1    The allegations are sufficient to support an inference that at least some of plaintiff's

2  requests for medical attention were directed to Honea.  Plaintiff has thus sufficiently alleged facts

3  showing that Honea was deliberately indifferent to his medical needs, see Gordon v. County of

4  Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (defendant violates Fourteenth Amendment where

5  he fails to take reasonable measures to abate substantial risk of harm to plaintiff of which he was

6  aware), and Honea will be required to respond to this claim.

7    Plaintiff's allegations that Honea and McNellis directed officers to assault him because he

8  was a witness against the jail are sufficient to state a claim for retaliation, see Rhodes v.

9  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that

10  defendant took adverse action against plaintiff because of his protected conduct and that the

11  action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional

12  goal), and they will be required to respond.  The allegations are also sufficient to demonstrate that

13  Honea, McNellis, and Proctor initiated, participated in, or directed the unnecessary and excessive

14  use of force against plaintiff in violation of the Fourteenth Amendment, see Kingsley v.

15  Hendrickson, 576 U.S. 389, 396-97 (2015) ("a pretrial detainee must show only that the force

16  purposely or knowingly used against him was objectively unreasonable"), and they will be

17  required to respond.

18    III.    Motion for Temporary Restraining Order

19    Plaintiff has filed a motion for temporary restraining order in which he requests that the

20  court order defendant Honea to stop using the jail guards to assault plaintiff.  ECF No. 5 at 1.

21    A temporary restraining order is an extraordinary measure of relief that a federal court

22  may impose without notice to the adverse party if, in an affidavit or verified complaint, the

23  movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

24  movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The

25  standard for issuing a temporary restraining order is essentially the same as that for issuing a

26  preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7

27  (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary

28  injunctions is "substantially identical").

1    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

2    the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

3    balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

4    Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).

5    Plaintiff has not provided the certification required by Rule 65 and the request for a

6    temporary injunction is therefore defective.  Moreover, even if plaintiff had provided the required

7    certification, the motion does not address any of the factors necessary for granting a temporary

8    restraining order and simply asks the court to enjoin the alleged behavior by Honea.  Plaintiff has

9    not presented any facts to support his claim that Honea is ordering officers to assault him.  See

10   Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those

11   seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable

12   harm."); Caribbean Marine Serv., 844 F.2d at 674.  ("A plaintiff must do more than merely allege

13   imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened

14   injury as a prerequisite to preliminary injunctive relief."  (emphasis in original) (citing

15   Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir.

16   1980))).  Finally, a district court has no authority to grant relief in the form of a preliminary

17   injunction where it has no jurisdiction over the parties.  Ruhrgas AG v. Marathon Oil Co.,

18   526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of

19   a district . . . court, without which the court is powerless to proceed to an adjudication."

20   (alteration in original) (citation and internal quotation omitted)).  Honea has yet to be served, and

21   the court therefore does not have jurisdiction over him.  See Zepeda v. United States Immigr. &

22   Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction

23   if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may

24   not attempt to determine the rights of persons not before the court.").

25   For these reasons, the motion for a temporary restraining order should be denied.

26   IV.      Plain Language Summary of this Order for a Pro Se Litigant

27   Your request to proceed in forma pauperis is granted.  That means you do not have to pay

28   the entire filing fee now.  You will pay it over time, out of your trust account.

1    The complaint states claims against defendants Honea, McNellis, and Proctor and they

2    will be required to respond to the complaint.  You will be provided with service documents to

3    complete and return to the court.  Once the completed service documents are returned to the

4    court, the United States Marshal will be directed to serve defendant Honea, McNellis, and

5    Proctor.  You should not try to serve the defendants yourself.

6    In accordance with the above, **IT IS HEREBY ORDERED** that:

7    1.   Plaintiff's requests for leave to proceed in forma pauperis (ECF No. 2, 6) are

8    GRANTED.

9    2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

10   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

11   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

12   appropriate agency filed concurrently herewith.

13   3.   Service is appropriate for defendants Honea, McNellis, and Proctor.

14   4.   The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an

15   instruction sheet, and a copy of the complaint filed September 8, 2023 (ECF No. 1).

16   5.   Within thirty days from the date of this order, plaintiff shall complete the attached

17   Notice of Submission of Documents and submit the following documents to the court:

18           a.   The completed Notice of Submission of Documents;

19           b.   One completed summons;

20           c.   One completed USM-285 form for each of the following defendants: Honea,

21                McNellis, and Proctor; and

22           d.   Four copies of the endorsed complaint filed September 8, 2023.

23   6.   Plaintiff need not attempt service on defendants and need not request waiver of

24   service.  Upon receipt of the above-described documents, the court will direct the United States

25   Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

26   without payment of costs.

27   7.   The Clerk of the Court is directed to update the docket to reflect that defendant

28   Honea's first name is spelled "Kory."

6

8.   The Clerk of the Court shall randomly assign a United States District Judge to this action.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for a temporary restraining order (ECF No. 5) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 11, 2024.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEMOND CHARLES BRACKETT,                    No.  2:23-cv-1935 AC P

12                 Plaintiff,

13         v.                                    NOTICE OF SUBMISSION OF
                                                 DOCUMENTS
14   CORY HONEA, et al.,

15                 Defendants.

16

17         Plaintiff submits the following documents in compliance with the court's order filed

18   _____:

19         _____1_____        completed summons form

20         _____3_____        completed forms USM-285

21         _____4_____        copies of the complaint

22

23   DATED:

24

25                                              _____
                                                Plaintiff
26

27

28
                                                1