UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT,<br><br>Plaintiff,<br><br>v.<br><br>KORY HONEA, et al.,<br><br>Defendants. | No. 2:23-cv-1935 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are defendants' motion to dismiss (ECF No. 19) and plaintiff's motions for discovery (ECF Nos. 25, 26).

I.   Procedural History

Upon screening the complaint, the undersigned found that it stated claims for deliberate indifference, retaliation, and excessive force against defendants Honea, McNelis, and Proctor. ECF No. 9.  After being served, defendants filed a motion to dismiss the complaint for failure to state a claim.  ECF No. 19.  Plaintiff has opposed the motion.  ECF No. 22.  Plaintiff has also filed motions to compel discovery, which defendants oppose.  ECF Nos. 25, 26, 28.

II.   Plaintiff's Allegations

The complaint alleges that several days before to being taken into custody at the Butte County Jail, plaintiff was struck by a car and suffered serious injuries.  ECF No. 1 at 3.  Prior to

1

entering the jail, he received treatment at Enloe Hospital, which issued a report stating that he had glass in his lungs and was "at risk of death, and serious permanent injury, if certain medical treatments [and] services" were not provided. Id. Despite plaintiff's grievances, requests for treatment, and pleas for Honea and medical personnel to administer treatment and let him see a doctor, they refused. Id.

Plaintiff further alleges that after Honea and McNelis were informed that he was a "federal witness against 'officers' of the Butte County Sheriff's Office," they enlisted guards at the jail, namely Proctor, to carry out assaults against him. Id. at 4. Plaintiff asserts that he previously sustained a neck injury which required him to wear a neck brace and, in one incident, Proctor assaulted him in his cell by "pulling [his] ears back to reinjure [his] neck." Id.

III. Motion to Dismiss

A. Parties' Arguments

Defendants argue that the complaint should be dismissed without leave to amend because plaintiff has failed to state any claims upon which relief can be granted and defendants are entitled to qualified immunity. ECF No. 19-1. Specifically, they argue that plaintiff fails to provide any dates for the alleged violations, and that this failure is sufficient on its own to warrant dismissal. Id. at 2. They also argue that plaintiff has failed to allege facts establishing any element of the claimed causes of action against the defendants, and that because plaintiff has not sufficiently alleged any constitutional violations, he has not shown that defendants violated his clearly established rights. Id. at 4-9.

Plaintiff opposes the motion and argues that if defendants are unhappy with the lack of specific dates, he should be allowed to amend the complaint. ECF No. 22 at 2-3, 5. He also asserts that defendants were responsible for numerous in-cell assaults and that Honea refused to allow him to file grievances and ignored citizen complaints. Id. at 1, 3.

In their reply, defendants argue that plaintiff has conceded the complaint is deficient and that leave to amend should be denied because plaintiff has failed to address their arguments that he has not established any elements for his claims. ECF No. 23.

////

   B.  <u>Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)</u>

  Under Rule 12(b)(6), a complaint will be dismissed for failure to state a claim if it makes only "a formulaic recitation of the elements of a cause of action" rather than factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  In order for the claim to be plausible on its face, it must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556).

  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), and construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).  The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." <u>Nat'l Org. for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256 (1994) (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561 (1992)).  However, while pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam) (citations omitted), the court need not accept legal conclusions "cast in the form of factual allegations," <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

   C.  <u>Discussion</u>

  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)," <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and this court has already screened the complaint under § 1915A and determined it states a claim for relief.  However, the undersigned will address each of defendants' arguments in turn.

    i.  <u>Lack of Specificity</u>

  Defendants argue that the lack of dates in the complaint is, by itself, sufficient to warrant dismissal.  However, they cite no authority, and this court can find none, to support this

proposition. In fact, the case law would suggest the opposite, see Twombly, 550 U.S. at 555 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" (citations omitted)), and this argument necessarily fails.

        ii. Deliberate Indifference

    Defendants next argue that plaintiff fails to state a claim for relief against defendant Honea for deliberate indifference to a serious medical need because plaintiff has not alleged that he or anyone else notified Honea about his condition and need for treatment; the conclusory allegations that plaintiff pleaded for Honea to follow the treatments are insufficient to demonstrate that Honea had the requisite knowledge; and, given Honea's position, it is "extremely unlikely" that Honea was informed about plaintiff's claimed needs. ECF No. 19-1 at 4. They also argue that even if Honea was made aware of plaintiff's claims that he required additional medical care, plaintiff has not demonstrated that he failed to take reasonable measures to abate the risk, particularly in light of the fact that Honea is not a medical provider. Id. at 4-5. This argument fails to account for the liberality with which the court must construe plaintiff's allegations.

    To state a medical care claim under the Fourteenth Amendment, a plaintiff must allege facts showing that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). "To satisfy the third element, the plaintiff must show that the defendant's actions were 'objectively unreasonable,' which requires a showing of 'more than negligence but less than subjective intent—something akin to reckless disregard.'" Sandoval v. County of San Diego, 985 F.3d 657, 669 (9th Cir. 2021) (quoting Gordon, 888 F.3d at 1125).

    As the undersigned found in screening the complaint, "[t]he allegations are sufficient to

4

support an inference that at least some of plaintiff's requests for medical attention were directed to Honea." ECF No. 9 at 4. Plaintiff is therefore entitled to a presumption that Honea was aware of his requests, whether they were made in person or through letters or grievances addressed to Honea. See Dandino, Inc. v. United States Dep't of Transp., 729 F.3d 917, 921 (9th Cir. 2013) ("proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee" (citation omitted)). The complaint further alleges that plaintiff had medical reports from the hospital where he had been admitted before being transferred to the jail which identified his condition, his need for treatment, and the risk of death if treatment was not provided. ECF No. 1 at 3. Plaintiff's allegations that he pleaded with Honea to follow the treatment plan and let him see a doctor are sufficient to show that Honea was notified of the hospital's orders, the severity of plaintiff's condition, and that plaintiff was not being seen by a doctor at the jail despite his medical need. While Honea may not be a medical professional capable of making treatment decisions, his position as sheriff presumably encompassed the authority to ensure that plaintiff was evaluated by medical staff, who would then be responsible for making any treatment decisions.

For these reasons, plaintiff has sufficiently alleged that Honea was aware that plaintiff was not being seen by a doctor, which put plaintiff at substantial risk of harm due to his injuries, and Honea did nothing to abate the risk, leaving plaintiff to suffer in pain and at risk of death. These allegations are sufficient to state a claim for deliberate indifference.

### iii. Retaliation

Defendants argue that plaintiff fails to state a claim for retaliation because he does not allege facts to connect Honea and McNelis to the alleged use of force by Proctor, or to show retaliatory intent or a chronology from which retaliation can be inferred. ECF No. 19-1 at 6. They further argue that plaintiff does not identify when, where, or how Honea and McNelis allegedly ordered the use of force against plaintiff or how it was supposed to prevent his ability to speak as a witness. Id.

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill

1    an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate

2    correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  In this case,

3    plaintiff alleges that defendants Honea and McNelis directed officers to assault him after being

4    informed that he was a federal witness against officers at the jail for crimes that he reported to

5    both the Federal Bureau of Investigation and to Honea and McNelis.  ECF No. 1 at 4.  These

6    allegations are sufficient to support a claim for retaliation.

7         Plaintiff making complaints and acting as a witness against officers at the jail constitutes

8    protected conduct.  See Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) ("[A] corrections

9    officer may not retaliate against a prisoner for exercising his First Amendment right to report staff

10   misconduct."); White v. Riverra, No. 13-cv-8346 JFW SS, 2014 WL 1571272, at *4, 2014 U.S.

11   Dist. LEXIS 54277, at *10 (C.D. Cal. Apr. 17, 2014) ("cooperating as a witness with respect to

12   the abuse Plaintiff witnessed Sheriff's Deputies inflicting on other detainees at [jail]" constituted

13   protected conduct).  Moreover, it is self-evident that ordering officers to assault an inmate would

14   be an adverse action and would constitute a direct and tangible harm that would dissuade an

15   inmate of reasonable firmness from pursuing protected conduct.  See Rhodes, 408 F.3d at 567

16   n.11 ("[H]arm that is more than minimal will almost always have a chilling effect.  Alleging harm

17   *and* alleging the chilling effect would seem under the circumstances to be no more than a nicety."

18   (emphasis in original)).

19        Finally, while plaintiff does not offer many details, he specifically alleges that Honea and

20   McNelis ordered officers, including Proctor, to assault him and try to re-injure him *after* they

21   were informed plaintiff was acting as a witness.  ECF No. 1 at 4.  The court can infer that

22   plaintiff's protected conduct and defendants' adverse actions occurred in relatively close temporal

23   proximity shortly after he entered the jail based on plaintiff's allegations that he had already

24   sustained injuries when he entered the jail and plaintiff still recovering from those injuries at the

25   time of at least some of the assaults.  Id.  Proximity in time is circumstantial evidence of motive.

26   McCollum v. Cal. Dep't of Corrs. & Rehab, 647 F.3d 870, 882 (9th Cir. 2011).  While more

27   details about how plaintiff knew or why he believed Honea and McNelis were the ones who gave

28   such orders would certainly make for a stronger complaint, they are not required to state a claim

at this stage.

### iv. Excessive Force

Defendants argue that plaintiff fails to state a claim for excessive force because Proctor pulling his ears back "could certainly be reasonable force, depending on the circumstances" and is insufficient to demonstrate that he was subjected to objectively unreasonable force. ECF No. 19-1 at 7-8. They also argue that plaintiff has not sufficiently alleged Honea and McNelis' involvement in the use of force. Id. at 7.

Under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case'" and must be determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. at 397 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

While defendants are correct that the reasonableness of a use of force depends upon the circumstances, plaintiff's allegations are sufficient to demonstrate that the force was unreasonable. Plaintiff alleges that at the time he was assaulted he was still required to wear a neck brace for his fractured neck, though he also indicates that he was not allowed to wear the brace. ECF No. 1 at 4. He further alleges that Proctor pulled back his ears back for the purpose of re-injuring his neck. Id. The complaint sufficiently alleges that Proctor was aware of plaintiff's injury and pulled on his ears with the express purpose of aggravating that injury. Plaintiff has therefore alleged sufficient facts to show the force was unreasonable, and he has sufficiently alleged Honea and McNelis' involvement for the same reasons he has sufficiently stated a claim against them for retaliation.

### v. Qualified Immunity

Finally, defendants argue that they are entitled to qualified immunity because the complaint lacks any facts showing the violations plaintiff alleges were clearly established at the time of the incident. ECF No. 19-1 at 8-9. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). In analyzing a qualified immunity defense, the court must consider the following: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, demonstrate that defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223, 236 (2009) (overruling Saucier's requirement that the two prongs be decided sequentially).

"[A] Rule 12(b)(6) dismissal is not appropriate unless [the court] can determine, based on the complaint itself, that qualified immunity applies." Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001). Here, it cannot be determined based on the complaint itself that qualified immunity applies. Taking the allegations of the complaint as true, plaintiff has demonstrated that his rights were violated, and those rights were clearly established at the time of the violations. Accordingly, the motion to dismiss on qualified immunity grounds should be denied without prejudice to renewal on summary judgment.

### D. Conclusion

For the reasons set forth above, defendants' motion to dismiss should be denied.

## IV. Motions for Discovery

Plaintiff has filed motions to compel discovery (ECF Nos. 25, 26), which defendants oppose (ECF No. 28). However, a Discovery and Scheduling Order has yet to be entered in this case, making any discovery requests and motions to compel premature. The motions to compel will therefore be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to compel discovery (ECF Nos. 25, 26) are DENIED.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 19) be DENIED; and
2. Defendants be ordered to answer the complaint within twenty-one days.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE